## O'BRIEN v. CHINIQUY.

VERDICT—WEIGHT OF EVIDENCE. Where a case has been fairly pre-
sented to a jury upon conflicting testimony, their verdict will not be
interfered with, unless the same is clearly and manifestly against the
weight of evidence.

ERROR to the District Court of Laramie County.

This was an action of replevin originally brought in the
First District Court by the defendant in error, to recover a
certain organ, which was in the possession of plaintiff in
error, as sheriff of Laramie County, who justifies in his an-
swer by virtue of a writ of execution, issued by a justice of
the peace, against C. L. Chiniquy, the husband of defendant
in error. The defendant in error failing to file replevin
bond, the property was returned to the plaintiff in error, and
the action proceeded as one for damages only, under the
statute. The case was tried by a jury, who found a verdict
for defendant in error and assessed her damages at two hun-
dred and fifty dollars. On her behalf a remittitur of one
hundred dollars was subsequently filed, whereupon judg-
ment was rendered by the Court upon the verdict, for one
hundred and fifty dollars.

*E. W. Mann* for plaintiff in error, cited *Stanton* v. *Kirsh*,
6 Wis., 338; *Horneffer* v. *Duress*, 13 Wis., 675; *Duress et
al.* v. *Horneffer*, 15 Wis., 214; *Gamber* v. *Gamber*, 18 Pa.
St., 363; *Keeney* v. *Good*, 21 Pa. St., 349; *Auble* v. *Ma-
son*, 35 Pa. St., 261; *Flick* v. *Dearies*, 50 Pa. St., 266; *Au-
rand* v. *Shaffer*, 43 Pa. St., 363; *Gault* v. *Soffin*, 44 Pa.
St., 307; *Winter* v. *Walter*, 37 Pa. St., 155; 2 Bishop on
the Law of Married Women, secs. 799–800, and following
sections, 826–829.

*C. N. Potter*, for defendant in error, cited Compiled L.
of Wyo., page 411, sec. 84; Compiled L. of Wyo., page 418,

sec. 127; Compiled L. of Wyo., page 398, sec. 10; Compiled L. of Wyo., page 213, sec. 5; 2.Nash Pl. and Pr., 1043, 1044; *Smith et al.* v. *Richards*, 16 Me., 200; *Stanley* v. *Whipple*, 2 McLean, 35; *Hammond* v. *Wadhams*, 5 Mass., 353; *Reed et al.* v. *Gannon*, 50 N. Y., 345; *Phillips* v. *Wooster*, 36 N. Y., 412; *Bridgford et al.* v. *Riddell et al.*, 55 Ill., 261; *Pike* v. *Baker*, 53 Ill., 163; *Dyer* v. *Keefer*, 51 Ill., 525; *Dale et al.*, v. *Lincoln*, 62 Ill., 22; 1 Bishop on Law of Married Women, sec. 710–734: 2 Bishop on Law of Married Women, sec. 365, 366; 2 Nash Pl. and Pr., 1043; *Simpson* v. *Pitman*, 13 Ohio, 365; *Brewer* v. *Inhabitants of Tyringham*, 12 Pick., 547; Testimony of Mrs. Chiniquy, Record 7–9 and 10; Testimony of Gaylord Bell, Record 19 and 20.

Judgment of the District Court affirmed.

FISHER C. J., and BLAIR J., concur.

PECK J., dissenting.

This was an action of replevin for an organ. Judgment was rendered below for the defendant in error. The petition was in common form, and alleged that the plaintiff owned and was entitled to the immediate possession of the instrument, and that the defendant wrongfully took and detained it from her. He plead the general denial: and justification by a levy, made by him, as sheriff, under an execution, issued from a justice's court against a third party, and directed and delivered to him as sheriff, to execute. Upon the trial, evidence offered under the special plea was ruled out, and properly, upon the ground that a sheriff was incompetent to levy under a justice's execution; and the trial was confined to the issue of the general denial. Upon the trial the plaintiff, as a witness for herself, testified that she purchased the organ, and paid for it out of her own money, and in installments; on her cross-examination stated

that she paid for it $175, then proceeded to enumerate the payments, and specified several, the enumeration amounting to less than the sum; and was then asked who made the other payments; "she objected to the question, that it was not proper cross-examination;" the objection was sustained; and the defendant excepted. The question was strictly appropriate to the cross-examination; it was confined to her testimony, which was put in to, and tended directly to sustain the affirmative of the issue; and the tendency of the question was directly to sustain the negative of the issue. The judgment should therefore be reversed. Other errors were committed by the district court upon the trial, which should be pointed out, were the case to be ordered to a new trial; but as an affirmance is to be ordered, it is unnecessary for me to do more than to justify my dissent.